**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

DIAGNOSTIC IMAGING SUPPLIES AND
SERVICES, INC.,
  Plaintiff

v.

GENERAL ELECTRIC COMPANY,
  Defendant.

Civil No. 04-2368 (HL)

**OPINION AND ORDER**

    Plaintiff Diagnostic Imaging Supplies and Services, Inc. ("DISS") brings this action against General Electric Company ("GE") seeking a declaratory judgment that the choice of law provision of the exclusive distributorship agreement between the parties is null and void and that the Puerto Rico Dealer's Act ("Law 75"), 10 L.P.R.A. § 278, *et seq*. must be applied whenever or wherever the parties submit any controversy to arbitration. Pending before the Court are three motions: (1) an unopposed motion for summary judgment filed by DISS (Dkt. No. 14); (2) a motion to dismiss for failure to state a claim filed by GE (Dkt. No. 15); and (3) an unopposed motion for summary judgment filed by GE (Dkt. No. 27). Although the motions for summary judgment are unopposed, an opposition, reply, and surreply were filed in reference to the motion to dismiss. (*See* Dkt. Nos. 18, 25, 26). As all of the pending motions and related pleadings overlap significantly, the Court will consider them together.

    For the reasons stated below, DISS' motion for summary judgment is denied and GE's motion to dismiss and motion for summary judgment are granted.

## STANDARD OF REVIEW

### I.

### Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. *See also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir.1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir.1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical

doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## II.

### **Motion to Dismiss Standard**

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir.1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). A court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

### **BACKGROUND**

The relevant facts as set out in the parties' Local Rule 56 statements are wholly uncontested. *See* D.P.R. L.Civ.R. 56(c). On February 9, 2002, a distribution agreement was executed by and between Instrumentarium Corporation Imaging Division and Plaintiff DISS, whereby DISS was appointed exclusive distributor of Instrumentarium Corporation products in Puerto Rico and the Virgin Islands. The agreement contains arbitration and choice of law provisions. Specifically, clause 13 of the agreement provides the following:

> 13.1 This Agreement, including all sales contracts concluded between the parties resulting herefrom, shall be governed by and construed in accordance with the laws of Finland.
>
> 13.2 The parties shall try to settle amicably and through negotiations any differences arising out of this Agreement. Failing in this negotiations, disputes

arising from this Agreement are to be finally settled by arbitration. The arbitrators are to be appointed by the Board of Arbitration of the Central Chamber of Commerce of Finland and the Rules of said Board are to be observed in the arbitration procedure. The procedure shall be held in Helsinki, Finland in the English language.

On August 11, 2004, Instrumentarium notified DISS that the distribution agreement would be cancelled effective November 14, 2004. At some point, GE acquired Instrumentarium Corporation. It is DISS' position that Law 75 governs the business relationship between the parties and requests that the Court issues a declaratory judgment that Law 75 must be applied whenever or wherever the parties submit any controversy concerning the agreement to arbitration.

**DISCUSSION**

In its motion to dismiss and motion for summary judgment, defendant GE contends that the complaint should be dismissed as premature because no case or controversy has been presented in the complaint. The Court agrees.

Article III of the Constitution of the United States limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2, cl.1. The United States Supreme Court has interpreted this "case or controversy" requirement to mean that federal courts cannot issue advisory opinions. *Igartua-De la Rosa v. United States*, 417 F.3d 145, 153 (1st Cir.2005). The declaratory judgment statute, 28 U.S.C. § 2201,[1] explicitly recognizes Article III's case or controversy requirement by premising relief on the existence of an "actual controversy." 28 U.S.C. § 2201(a); *Sallen v. Corinthians Licenciamentos* LTDA, 273 F.3d 14, 25 n.12 (1st Cir.2001); *Shell Oil Co. v. Noel*, 608 F.2d 208, 213 (1st Cir.1979). "In the trial court . . . a party

---

[1] In relevant part the Declaratory Judgment Act provides, "[i]n a case of *actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis ours).

seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937)). In determining whether this burden has been satisfied, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In the present case, plaintiff DISS has failed to satisfy its jurisdictional burden. DISS does not submit any grievance, dispute, or controversy to the Court. Rather, DISS simply requests that the Court issue a declaratory judgment that the choice of law provision contained in its distributorship agreement is null and void and that in the event that any arbitration was to proceed in the future it must be governed by Puerto Rico's Law 75. The question that DISS poses to the Court is abstract and hypothetical. Neither party has requested arbitration and thus, no arbitrator has been selected nor has any arbitrator made a determination concerning what law should be applied in arbitration. It is possible that neither party will ever move for arbitration concerning their distribution agreement. Reviewing the record in the light most favorable to DISS, the Court simply cannot conclude that at this time there exists a "live and acute controversy that must be resolved." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). Therefore, a declaratory judgment would be improper under both Article III of Constitution and the declaratory judgment statute because there is no actual controversy presented which would permit the Court to act. *See* U.S. Const. art. III, § 2, cl.1; 28 U.S.C. § 2201(a).

Moreover, even if a case or controversy had been presented in the instant complaint, the Court would be precluded from deciding the submitted choice of law issue by virtue of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* The FAA provides broadly that written agreements to arbitrate involving commerce shall be valid, irrevocable, and enforceable. 9

U.S.C. § 2.[2] The present case implicates an agreement involving commerce which contains an unequivocal arbitration clause. As such, the Court finds that the distribution agreement at issue is covered under § 2 of the FAA. "The general rule is that arbitration agreements are to be enforced according to their terms." *Puerto Rico Telephone Co., Inc. v. U.S. Phone Mfg. Corp.*, 427 F.3d 21, 27 (1st Cir.2005) (citing *Volt Information Sciences, Inc. v. Board of Trustees of the Lealand Stanford Junior University*, 489 U.S. 468, 479 (1989); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)). According to the plain language of the agreement at issue, any dispute arising from the agreement must be settled by arbitration before the Board of Arbitration of the Central Chamber of Commerce of Finland.

The Supreme Court of the United States has delineated that "the federal policy favoring arbitration and reflected in the FAA 'establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Puerto Rico Telephone Co., Inc.,* 427 F.3d at 26-27 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). It is well-settled that under the FAA when an agreement contains arbitration and choice of law clauses, the determination of what law applies to the agreement is one that falls within the scope of the agreement and should be made by the arbitrator rather than the courts. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n. 19 (1985); *Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp.,* 426 F.3d 503, 506 (1st Cir.2005); *Medika Int'l, Inc. v. Scanlan Int'l, Inc.*, 830 F.Supp.81, 87 (D.P.R.1993); *Protane Gas Co. of Puerto Rico, Inc. v. Sony Consumer Products Co.*, 613 F.Supp. 215, 218-219 (D.P.R.1985);*Danieli & C. Officine Meccaniche S.p.A. v. Morgan*, 190

---

[2] Specifically, the FAA reads: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

F.Supp.2d 148, 156 (D.Mass.2002). In the present case, as there is an express agreement between the parties to arbitrate any disputes arising out of the distributorship agreement "[t]he controversy concerning the law to be applied is one falling with the scope of the agreement. Accordingly, such consideration is for the arbitrators and not for the courts." *Protane Gas Co. of Puerto Rico, Inc.*, 613 F.Supp. at 218-219.

Further, contrary to plaintiff DISS' contention, the existence of Law 75[3] does not displace the FAA and bring the choice of law issue into the purview of this Court. Conversely, the FAA prevails over contrary state laws which impede the enforceability of arbitration agreements. *See Puerto Rico Telephone Co., Inc.*, 427 F.3d at 26. More specifically, it is well established that the FAA preempts section 3B of Law 75, 10 L.P.R.A. § 278b-2, the very provision of the Puerto Rico Dealer's Act that plaintiff DISS relies upon. *See Mistubishi Motors Corp.,* 473 U.S. 614 (ruling that section 3B of Law 75, 10 L.P.R.A. § 278b-2, was preempted by the FAA); *World Films, Inc. v. Paramount Pict. Corp.*, 125 D.P.R. 352 (P.R. 1990) (holding that the application of section 3B of Law 75 was in conflict with the FAA and thus plaintiff must submit to arbitration under the terms of their arbitration agreement which provided that California law governed); *Hawayek v. A.T. Cross Co.*, 221 F.Supp.2d 254, 256 (D.P.R.2002); *Lineas Aereas Costarricenses S.A. v. Caribbean General, Inc.*, 682 F.Supp.117, 124-125 (D.P.R.1988); *Sea-Land Service, Inc. v. Sea-Land of Puerto Rico, Inc.*, 636 F.Supp. 750, 753 (D.P.R. 1986); *Protane Gas Co. of Puerto Rico*, 613 F.Supp. at 217.

In sum, the Court concludes that it is precluded from hearing the present case under Article III of the Constitution and the Declaratory Judgment Act, because no case or controversy has been presented in the complaint. Further, even if a justiciable case or

---

[3] Section 3B of Law 75 in relevant part provides: "Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void." 10 L.P.R.A. § 278b-2.

8

controversy had been submitted, it would be inappropriate for the Court to reach the issue of whether Law 75 should be applied to resolve any dispute arising out of the distribution agreement in the event of future arbitration because –pursuant to the FAA and the strong federal policy favoring arbitration– such a question is for the arbitrator not this Court. *See Mitsubishi Motors Corp.*, 473 U.S. at 637 n. 19; *Puerto Rico Hosp. Supply, Inc.,* 426 F.3d at 506; *Medika Int'l, Inc.*, 830 F.Supp. at 87; *Protane Gas Co. of Puerto Rico, Inc.*, 613 F.Supp. at 218-219; *Danieli & C. Officine Meccaniche S.p.A.*, 190 F.Supp.2d at 156.

## CONCLUSION

For the aforementioned reasons, defendant GE's motion to dismiss and motion for summary judgment are granted and plaintiff DISS' motion for summary judgment is denied. Pursuant to the Federal Arbitration Act and the arbitration provision of the parties' distributorship agreement, the Court hereby orders the parties to submit the issue concerning what law should be applied to any arbitration proceedings to the Board of Arbitration of the Central Chamber of Commerce of Finland. *See* 9 U.S.C. § 4. Judgment dismissing this case without prejudice shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, July 24, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge